

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-12-00133-CV

IN THE INTEREST OF C.S. AND G.S., CHILDREN

———————————

From the 12th District Court
Leon County, Texas
Trial Court No. FL-11-26

MEMORANDUM OPINION

An order terminating appellants' parental rights to their children, C.S. and G.S. was signed on April 4, 2012. Appellants' notice of appeal was filed on April 16, 2012. The reporter's record was due April 26, 2012. *See* TEX. R. APP. P. 28.4(a)(1); 35.1(b). The clerk's record was filed on May 31, 2012. A partial reporter's record was filed August 20, 2012; however, we were notified that an electronic file containing a portion of the record had been corrupted and the reporter was unable to prepare a reporter's record from it. It is our understanding that the final termination hearing (approximately 40 minutes) is the portion of the proceeding that is in the now corrupted file.

The appeal was abated on August 30, 2012 for the trial court to conduct a hearing within 7 days from the date of the Order to determine whether:

1. without appellants' fault, a significant portion of the court reporter's notes and records have been lost or destroyed;

2. the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and

3. the lost or destroyed portion of the reporter's record cannot be replaced by agreement of the parties.

The trial court was also ordered to conduct a hearing to determine whether the underlying matter was amenable to mediation, and if so, refer the matter to mediation. TEX. CIV. PRAC. & REM. CODE ANN. § 154.002 (West 2011); TEX. FAM. CODE ANN. § 153.0071(c) (West 2008).

A hearing was held on September 6, 2012. At that hearing, the trial court made the following oral findings on the record:

1. without appellants' fault, a significant portion of the court reporter's notes and records have been lost or destroyed;

2. the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and

3. the lost or destroyed portion of the reporter's record cannot be replaced by agreement of the parties.

The trial court also determined on the record that the underlying matter was not amenable to mediation.

Because the trial court has made the necessary findings, we find that appellants are entitled to a new trial. TEX. R. APP. P. 34.6(f). Accordingly, this appeal is reinstated,

the trial court's judgment is reversed, and the appeal is remanded to the trial court for further proceedings consistent with this opinion.

The trial court is instructed to commence the new trial no later than 180 days after the mandate is issued by this Court.  TEX. R. APP. P. 28.4(c).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reinstated, reversed and remanded
Opinion delivered and filed October 18, 2012
[CV06]